UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH F. BELLOMO and CONCETTA E. BELLOMO,<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, SPECIALIZED LOAN SERVICING, U.S. BANK TRUST NATIONAL ASSOCIATION, and MEB LOAN TRUST IV,<br><br>Defendants. | No. 1:24-cv-11005-JEK |

## MEMORANDUM AND ORDER ON THE MOTION TO DISMISS OF DEFENDANTS SPECIALIZED LOAN SERVICING AND MEB LOAN TRUST IV

**KOBICK, J.**

This is a declaratory judgment action concerning property in Newton, Massachusetts owned by plaintiffs Joseph and Concetta Bellomo. The plaintiffs seek, as relevant here, a declaration stating that defendant MEB Loan Trust IV is not a proper mortgagee of a mortgage on their property granted to Bank of America, N.A. in October 2007. MEB and its loan servicer, defendant Specialized Loan Servicing LLC n/k/a Newrez LLC d/b/a Shellpoint Mortgage Servicing ("SLS"), have moved to dismiss the amended complaint on ripeness grounds and for failure to state a claim. Because the plaintiffs have not alleged that MEB or SLS have initiated or threatened foreclosure proceedings, and there is no other indication that an actual controversy exists between the parties regarding the validity of the mortgage assignment to MEB, the declaratory judgment claim is not ripe for adjudication. MEB and SLS's motion will accordingly be granted, and the plaintiffs' claim against them will be dismissed without prejudice.

BACKGROUND

The following facts are drawn from the amended complaint and supplemented by documents referenced therein. *Parmenter v. Prudential Ins. Co. of Am.*, 93 F.4th 13, 18 (1st Cir. 2024).

Plaintiffs Joseph and Concetta Bellomo own a home at 8 Hollis Street in Newton, Massachusetts. ECF 24, ¶ 5. There are two mortgages on the property. *Id.* ¶¶ 14, 18. In April 2004, the plaintiffs granted the first mortgage to Fleet National Bank in exchange for a $125,000 loan. *Id.* ¶ 14; ECF 1-2. In October 2007, the plaintiffs granted the second mortgage to Bank of America in exchange for a $200,000 loan. ECF 24, ¶ 18; ECF 1-3; ECF 31-1. Only the second mortgage is at issue in this motion.

In October 2018, Bank of America executed a "Limited Power of Attorney" that granted an entity called Meridian Asset Services, LLC the "authority and power to take" certain actions in Bank of America's name. ECF 31-2, at 1; *see* ECF 24, ¶ 20. Specifically, Bank of America gave Meridian a limited power of attorney "in connection with, and relate[d] solely to, that certain Asset Purchase and Interim Servicing Agreement dated September 25, 2018," between Bank of America, certain affiliates of Bank of America, and an entity called ABS Loan Trust V. ECF 31-2, at 1; *see* ECF 24, ¶ 20. Under that prior agreement, ABS Loan Trust V purchased mortgage loans from Bank of America. ECF 31-2, at 1. The actions Meridian was empowered to take by the Limited Power of Attorney included "[e]xecut[ing] or fil[ing] assignments of mortgages, or any beneficial interest in a Mortgage." *Id.* In January 2020, Meridian, acting on Bank of America's behalf, assigned the second mortgage on the plaintiffs' property to defendant MEB. ECF 24, ¶¶ 19-20; ECF 31-3.

In March 2024, the plaintiffs filed this declaratory judgment action in Middlesex Superior Court. ECF 1-1. The defendants removed the case to this Court in April 2024. ECF 1.[1] Defendants MEB and SLS then moved to dismiss the declaratory judgment claim against them for failure to state a claim in May 2024. ECF 12. At the hearing on the initial motion to dismiss in August 2024, a question arose whether the plaintiffs' claim was ripe because, MEB and SLS represented, they had not noticed a foreclosure on the plaintiffs' property. ECF 23. That representation stood in tension with the allegations in the complaint that the plaintiffs were "entitled to cancellation costs and fees . . . for wrongful foreclosure" and entitled to be returned to their status "prior to the wrongful attempted foreclosure and sale." ECF 1-1, ¶¶ 31-32.

Shortly after the hearing, in September 2024, the plaintiffs filed an amended complaint. ECF 24. The amended complaint removed the allegations concerning an attempted foreclosure on their property and did not add new factual allegations. *See id.* SLS and MEB again moved to

---

[1] Removal was proper because the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, as the action demands $300,000 and the original principal amounts of the first and second mortgages are $125,000 and $200,000, respectively. ECF 24, ¶¶ 14, 18; ECF 1-1, at 2; ECF 1, ¶ 11; *see McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212-13 (1st Cir. 2012). There is also complete diversity of citizenship. The plaintiffs reside in Massachusetts. ECF 24, ¶¶ 5, 12. Defendant U.S. Bank Trust National Association is a national banking organization whose articles of association designate Delaware as its main office. ECF 21; *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Defendant Select Portfolio Servicing, Inc. is incorporated and has its principal place of business in Utah. ECF 20; ECF 1, ¶ 7. MEB is a Delaware statutory trust that "exist[s] as a separate legal entity" and thus takes the citizenship of its sole member, U.S. Bancorp., which is a Delaware company with a principal place of business in Minnesota. *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 697 (1st Cir. 2023); *see* ECF 25, at 2 & n.2. And following the "iterative" process of "trac[ing] the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be," *BRT Mgmt.*, 68 F.4th at 696 (quotation marks omitted), SLS is a limited liability company whose citizenship is determined by its ultimate member at the time of removal, Computershare Mortgage Services, Inc., which is a Delaware corporation principally based in Colorado, ECF 25, at 1 n.1; ECF 1, ¶ 9; *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) ("Citizenship is determined as of the date of commencement of an action[.]").

dismiss, this time on ripeness grounds and for failure to state a claim. ECF 30. The plaintiffs opposed that motion in October 2024. ECF 32.

## DISCUSSION

The plaintiffs seek a declaration that MEB is not a valid mortgagee of the second mortgage on their Newton property. They contend that Meridian did not have authority to assign the second mortgage to MEB on behalf of Bank of America, because Meridian's limited power of attorney related solely to assets purchased by ABS Loan Trust V and did not grant Meridian authority to make assignments to other entities like MEB. Thus, the plaintiffs argue, Meridian's assignment of the second mortgage to MEB was invalid.

In Massachusetts, borrowers like the plaintiffs can "assert defects in the chain of mortgage assignments" if those "defect[s] rende[r] the assignment[s] void." *Galvin v. U.S. Bank, N.A.*, 852 F.3d 146, 157 (1st Cir. 2017) (citing *Bank of N.Y. Mellon Corp. v. Wain*, 85 Mass. App. Ct. 498, 502-03 (2014)). The governing statute provides, in pertinent part, that an "assignment of mortgage," or "a power of attorney given for that purpose" and "any instrument executed by the attorney-in-fact pursuant to such power," that is "executed before a notary public . . . by a person purporting to hold the position of president, vice president, . . . or other officer . . . of the entity holding such mortgage . . . or acting under such power of attorney on behalf of such entity" will "be binding upon such entity." M.G.L. c. 183, § 54B. Thus, "[i]f the assignment is (1) made by the mortgage holder or its representative, (2) executed before a notary public, and (3) signed by an authorized employee of the mortgage holder, it is effective to pass legal title and 'cannot be shown to be void.'" *Giannasca v. Deutsche Bank Nat'l Tr. Co.*, 95 Mass. App. Ct. 775, 778 (2019) (quoting *Wain*, 85 Mass. App. Ct. at 503), *review denied and case remanded*, 484 Mass. 1102 (2020).

SLS and MEB assert that the plaintiffs' challenge to the assignment of the second mortgage is not ripe because no foreclosure proceedings have commenced. The "ripeness doctrine seeks to prevent the adjudication of claims relating to 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). The test for ripeness "is whether 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 70 (1st Cir. 2003) (quoting *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972)). That test requires the evaluation of two prongs: "'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 8 (1st Cir. 2012) (quoting *Abbott Lab'ys. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)). "Fitness involves issues of finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed, while hardship typically turns upon whether the challenged action creates a direct and immediate dilemma for the parties." *N.H. Lottery Comm'n v. Rosen*, 986 F.3d 38, 53 (1st Cir. 2021) (quotation marks omitted).

The plaintiffs have not demonstrated, under this standard, that their claim against SLS and MEB is ripe for adjudication. They seek a declaration that MEB is not a valid assignee of the 2007 mortgage, entitled to exercise the statutory power of sale, and they ask the Court to "enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject property." ECF 24, ¶¶ 2, 28. Yet the plaintiffs do not allege that SLS and MEB have initiated, scheduled, or threatened to conduct foreclosure proceedings. Indeed, in filing the amended complaint, the

5

plaintiffs removed the allegations concerning possible foreclosure on their property. Nor have the plaintiffs alleged that they are unable to pay the 2007 mortgage loan. The declaratory judgment claim thus "'rests upon contingent future events'"—namely, the initiation of foreclosure proceedings or the threat to do so—"'that may not occur as anticipated, or indeed may not occur at all.'" *City of Fall River v. F.E.R.C.*, 507 F.3d 1, 6 (1st Cir. 2007) (quoting *Texas*, 523 U.S. at 300). This Court has repeatedly held that, where there is no reason to believe that foreclosure is reasonably imminent, comparable requests for declaratory relief are not ripe. *See Chomo v. Full Spectrum Lending, Inc.*, No. 17-cv-12466-DJC, 2019 WL 3253701, at *5 (D. Mass. July 19, 2019) (declaratory judgment claim alleging that the defendants lacked standing to foreclose was not ripe where the complaint did not allege that foreclosure proceedings had been initiated); *Rose v. Bank of Am.*, No. 16-cv-11558-FDS, 2018 WL 443451, at *2 (D. Mass. Jan. 16, 2018) ("Because defendants have not noticed a foreclosure, this [declaratory judgment] action is not ripe.").

The plaintiffs seek to forestall this conclusion by pointing out that they seek declaratory relief concerning the validity of a mortgage assignment that occurred before the filing of this lawsuit. The plaintiffs do not explain, however, why they seek such a declaration other than to defend against possible foreclosure proceedings that have not been initiated or threatened. There is, simply put, no present controversy between the plaintiffs and MEB and SLS, and any opinion on the validity of the assignment would be advisory. *See* 28 U.S.C. § 2201(a) (limiting declaratory relief to "a case of actual controversy"). The plaintiffs' claim depends on facts that have not developed, and the validity of MEB's assignment does not "creat[e] a direct and immediate dilemma for the parties." *Rosen*, 986 F.3d at 53 (quotation marks omitted). Since the plaintiffs cannot "show both that the issues raised are fit for judicial decision at the time the suit [was] filed and that . . . [they] will suffer hardship if court consideration is withheld," their declaratory

judgment claim against SLS and MEB is not ripe. *Lab. Rels. Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016) (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, SLS and MEB's motion to dismiss, ECF 30, is GRANTED. The plaintiffs' declaratory judgment claim against SLS and MEB is dismissed without prejudice.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2024